UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON WIRELESS PERSONAL
COMMUNICATIONS LP, d/b/a
VERIZON WIRELESS,

    Plaintiff,

v.                                                    CASE NO: 8:06-cv-1991-T-26MAP

BOARD OF COUNTY COMMISSIONERS
OF SARASOTA COUNTY, FLORIDA,

    Defendant.
_____/

**O R D E R**

Plaintiff, Verizon Wireless Personal Communications LP d/b/a Verizon Wireless ("Verizon"), has filed a one-count complaint against Defendant, Board of County Commissioners of Sarasota County, Florida ("the Board"), invoking the jurisdictional provisions of 47 U.S.C. § 332(c)(7)(B)(v) in an effort to convince this Court that the Board's decision denying Verizon a special use exception so that it could erect a wireless communication facility violated the provisions of 47 U.S.C. § 332(c)(7)(B)(iii) which mandate that such a decision "be in writing and supported by substantial evidence in a written record." Both parties have filed motions for summary judgment and responses to those motions. After carefully sifting through and reviewing the extensive submissions of the parties, the Court is of the view that the Board failed to satisfy the "in writing" requirement of the statute, thus precluding consideration at this juncture of the proceedings of whether the Board's denial was supported by "substantial evidence in

[the] written record." See TBCom Properties, LLC v. City of New Smyrna Beach, case number 6:06-cv-1677-Orl-28KRS, docket 29, page 8 (determining that issue of whether record contained substantial evidence to support the city's decision was not ripe for consideration in view of lack of written rationale and directing city to submit written decision within 35 days subject to further proceedings).[1]

In this case, the Board's written decision denying Verizon's request for a special use exception merely recited in a conclusory fashion that the request was inconsistent with the county's comprehensive plan and did not meet the criteria of the county's zoning regulations.[2] In the Court's view, the Board's written decision wholly fails to identify how and to what extent the request for a special use exception deviated from the standards promulgated in the county's comprehensive land use plan and how and to what extent it failed to satisfy the criteria of the county's regulations governing zoning. Furthermore, the brief generalized comments of the Board members who voted against Verizon's request do not cure these deficiencies.[3] Consequently, without a more sufficient written explanation of the Board's reasons for denying Verizon's request, the Court is wholly unable to undertake a meaningful analysis and render an informed

---

[1] The Court rejects the Board's contention that Verizon failed to raise the "in writing" claim in its complaint, thus precluding it from arguing this issue on motion for summary judgment. In the Court's opinion, Verizon's allegations in paragraphs 34 and 43 of the complaint sufficiently frame and advance this claim.

[2] See Plaintiff's complaint, docket 1, exhibit H.

[3] See docket 22, pages 255-259.

decision as to whether the Board's denial is supported by substantial evidence in the written record as required by § 332(c)(7)(B)(iii).

The issue now becomes what type of written decision will satisfy the "in writing" requirement of the statute for the future course of this case. Although the Eleventh Circuit Court of Appeals has expressly declined to address this issue, see Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1218 n.8 (11th Cir. 2002), other circuit courts of appeals have provided conflicting guidance. At one end of the judicial spectrum is the Fourth Circuit which has held that simply stamping the word "DENIED" on a zoning permit application is sufficient to meet the "in writing" requirement of the statute. See AT&T Wireless PCS, v. Winston-Salem Zoning Bd. Of Adjustment, 155 F.3d 423, 429 (4th Cir. 1998). At the other end of this spectrum are the cases emanating from the First, Sixth, and Ninth Circuits which hold that the "in writing" provision is satisfied if the decision is separate from the written record, describes the reasons for the denial, and contains a sufficient explanation of the reasons for denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons. See MetroPCS, Inc. v. City and County of San Francisco, 400 F. 3d 715, 723 (9th Cir. 2005); New Par v. City of Saginaw, 301 F.3d 390, 395-96 (6th Cir. 2002); Southwestern Bell Sys., Inc. v. Todd, 244 F.3d 51, 60 (1st Cir. 2001). After reflection and study, the Court adopts the position espoused by the First, Sixth, and Ninth Circuits because the Court believes that a written decision conforming to their holdings will enhance the Court's ability to provide the parties meaningful judicial review of the Board's decision in light of the evidence in the

record and to issue a definitive ruling as to whether that decision is founded on substantial evidence.

Accordingly, it is ordered and adjudged as follows:

1) Verizon's Motion for Summary Judgment (Dkt. 17) is granted but only to the extent that the Court agrees with its contention that the Board has failed to furnish a written decision which satisfies the requirements of § 332(c)(7)(B)(iii). The motion is otherwise denied without prejudice.

2) The Board's Motion for Summary Judgment (Dkt. 18) is denied without prejudice.

3) The Board is directed to file with the Court on or before October 26, 2007, a written decision conforming to the requirements of the legal standard adopted by the Court. In doing so, the Board is cautioned to heed the admonition of the Eleventh Circuit that it "may not rely on rationalizations constructed after the fact to support the denial of [Verizon's] application." Preferred Sites, LLC, 296 F.3d at 1220 n.9.

4) The parties shall file their dispositive motions on or before November 16, 2007, with their response due on or before December 7, 2007.

**DONE AND ORDERED** at Tampa, Florida, on September 14, 2007.

                         s/*Richard A. Lazzara*
                         **RICHARD A. LAZZARA**
                         **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record